O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALICE CUNNINGHAM,                  )    NO. EDCV 10-00618-MAN
                                   )
              Plaintiff,           )
                                   )    MEMORANDUM OPINION
         v.                        )
                                   )    AND ORDER
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
              Defendant.           )
_____)

     Plaintiff filed a Complaint on May 7, 2010, seeking review of the
denial by the Social Security Commissioner (the "Commissioner") of
plaintiff's application for supplemental security income ("SSI").    On
May 24, 2010, the parties consented, pursuant to 28 U.S.C. § 636(c), to
proceed before the undersigned United States Magistrate Judge.    The
parties filed a Joint Stipulation ("Joint Stip.") on January 5, 2011, in
which:  plaintiff seeks an order reversing the Commissioner's decision
and remanding this case for the payment of benefits or, alternatively,
for further administrative proceedings;[1] and defendant requests that the

_____
     [1]     In her statement of the relief requested, plaintiff requests
remand for the payment of benefits or for further administrative
proceedings.  (Joint Stip. at 21.)  In her argument, however, plaintiff
contends only that "this matter should be remanded for further

1  Commissioner's decision be affirmed or, alternatively, remanded for
2  further administrative proceedings.  The Court has taken the parties'
3  Joint Stipulation under submission without oral argument.

5  ### SUMMARY OF ADMINISTRATIVE PROCEEDINGS

7      On January 28, 2003, plaintiff filed an application for SSI.
8  (Administrative Record ("A.R.") 520.)  Plaintiff, who was born on
9  January 12, 1963 (A.R. 530),[2] claims to have been disabled since August
10 31, 2001 (A.R. 520), due to depression, affective mood disorder, asthma,
11 emphysema, joint pain and cramps, back disorders, reflex sympathetic
12 dystrophy, gastroesophageal reflux disease, and an ulcer (*see, e.g.,*
13 A.R. 34, 42; Joint Stip. at 2).  Plaintiff has past relevant work
14 experience as a child care provider, custodian, and general clerk.
15 (A.R. 530.)

17     After the Commissioner denied plaintiff's claim initially and upon
18 reconsideration (A.R. 34-38, 42-46, 520), plaintiff requested a hearing
19 (A.R. 47).  On November 15, 2004, plaintiff, who was represented by
20 counsel, appeared and testified at a hearing before Administrative Law
21 Judge Frederick J. Graf ("ALJ Graf").  (A.R. 503-16.)  On December 13,
22 2004, ALJ Graf denied plaintiff's claims (A.R. 11-17), and the Appeals
23 Council subsequently denied plaintiff's request for review of ALJ Graf's
24 decision (A.R. 4-6).  On May 24, 2005, plaintiff sought review in this

26 proceedings."  (Joint Stip. at 14.)

27     [2]   At the time of the ALJ's decision, plaintiff was 47 years old,
28 which is defined as a younger individual.  (A.R. 530; *citing* 20 C.F.R.
   § 416.963.)

Court, which remanded the case for further proceedings based upon the parties' February 7, 2006 Stipulation To Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) ("Stipulation"). (A.R. 520.)

On March 18, 2006, the Appeals Council effectuated the Court's Order, vacated ALJ Graf's December 13, 2004 decision, and remanded the matter for further action consistent with the parties' Stipulation. (A.R. 520, 558-60.) The Appeals Council also directed that a subsequent, duplicative SSI application filed by plaintiff on December 29, 2005, be consolidated with the remanded case. (A.R. 520, 559.)

Pursuant to the Orders of the District Court and Appeals Council, plaintiff, who was represented by counsel, testified before Administrative Law Judge Lowell Fortune (the "ALJ") on September 13, 2006, and April 13, 2007. (A.R. 520, 599-631, 640-682.) On June 29, 2007, the ALJ denied plaintiff's claim (A.R. 686-96), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 520). Plaintiff again sought review in this Court, which, on January 10, 2008, remanded the case for further administrative proceedings ("January 10, 2008 Order") based upon the parties' Stipulation To Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and To Entry of Judgment. (A.R. 697-700.) On February 29, 2008, the Appeals Council vacated the ALJ's June 29, 2007 decision and remanded the case for further action consistent with the January 10, 2008 Order. (A.R. 520, 706.)

On October 7, 2009, plaintiff, who was represented by counsel, testified at a hearing before the ALJ. (A.R. 1472-1503.) Vocational

3

expert Sandra Fioretti and plaintiff's daughter, Amber Cunningham, also testified.   (1497-1502.)   On February 5, 2010, the ALJ denied plaintiff's claim.  (A.R. 520-32.)   That decision is now at issue in this action.

## SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that plaintiff has not engaged in substantial gainful activity since January 28, 2003, the application date. (A.R. 523.) The ALJ determined that plaintiff has the following severe impairments: "status post injury to right hand; migraine headaches; mood disorder, not otherwise specified (NOS); depression; and alcohol dependence." (*Id.*)   The ALJ also determined that plaintiff does not have an impairment or a combination of impairments that meets or equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 416.920(d), 416.925, 416.926).  (*Id.*)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform "light work" as follows:

> [plaintiff] can lift and carry 20 pounds occasionally and 10
> pounds frequently; she can stand and/or walk for 6-hours out
> of an 8-hour work day; and she can sit for 6 hours out of an
> 8-hour work day.  She cannot climb ladders, scaffolds, or
> ropes, but she can frequently climb ramps and stairs.  She can
> frequently balance, bend, stoop, crouch, and kneel; she can
> occasionally crawl.  She is limited to simple, repetitive

4

tasks.  She cannot perform work requiring hypervigilance; she cannot perform work involving safety operations or be responsible for the safety of others; and she cannot work on an assembly line.

(A.R. 524.)

The ALJ concluded that plaintiff is unable to perform her past relevant work.  (A.R. 530.)  However, having considered plaintiff's age, education, work experience, RFC, and the testimony of the vocational expert, the ALJ found that jobs exist in the national economy that plaintiff could perform, including cleaner, toy assembler, and "cafeteria attendance [sic]."  (A.R. 531.)  Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, since January 28, 2003, the date her SSI application was filed.  (A.R. 531.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Id. (citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a preponderance."  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn

1  from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063,
2  1066 (9th Cir. 2006)(citation omitted).

3

4      Although this Court cannot substitute its discretion for that of
5  the Commissioner, the Court nonetheless must review the record as a
6  whole, "weighing both the evidence that supports and the evidence that
7  detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of
8  Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also*
9  Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is
10  responsible for determining credibility, resolving conflicts in medical
11  testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d
12  1035, 1039 (9th Cir. 1995).

13

14      The Court will uphold the Commissioner's decision when the evidence
15  is susceptible to more than one rational interpretation. Burch v.
16  Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may
17  review only the reasons stated by the ALJ in his decision "and may not
18  affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d
19  at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse
20  the Commissioner's decision if it is based on harmless error, which
21  exists only when it is "clear from the record that an ALJ's error was
22  'inconsequential to the ultimate nondisability determination.'" Robbins
23  v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v.
24  Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d
25  at 679.
26  ///
27  ///
28  ///

1                                    **DISCUSSION**

2

3          Plaintiff claims that the ALJ improperly considered and rejected

4      the opinion of her treating physician.  (Joint Stip. at 3-14.)

5

6      **I.    The ALJ Improperly Considered and Rejected The Opinion Of**

7             **Plaintiff's Treating Physician.**

8

9          It is the responsibility of the ALJ to analyze evidence and resolve

10     conflicts in medical testimony.  Magallanes v. Bowen, 881 F.2d 747, 750

11     (9th Cir. 1989).  In the hierarchy of physician opinions considered in

12     assessing a social security claim, "[g]enerally, a treating physician's

13     opinion carries more weight than an examining physician's, and an

14     examining physician's opinion carries more weight than a reviewing

15     physician's."  Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir.

16     2001); 20 C.F.R. § 416.927.

17

18         The opinions of treating physicians are entitled to the greatest

19     weight, because the treating physician is hired to cure and has a better

20     opportunity to observe the claimant.  Magallanes, 881 F.2d at 751.  When

21     a treating physician's opinion is not contradicted by another physician,

22     it may be rejected only for "clear and convincing" reasons.  Lester v.

23     Chater, 81 F.3d 821, 830 (9th Cir. 1995)(as amended).  When contradicted

24     by another doctor, a treating physician's opinion may only be rejected

25     if the ALJ provides "specific and legitimate" reasons supported by

26     substantial evidence in the record.  Id.

27

28         An ALJ "has a special duty to fully and fairly develop the record

                                          7

1    and to assure that claimant's interests are considered."   Brown v.
2    Heckler, 713 F.2d 441, 443 (9th Cir. 1983).   Pursuant to 20 C.F.R. §
3    416.912(e), the Administration "will seek additional evidence or
4    clarification from your medical source when the report from your medical
5    source contains a conflict or ambiguity that must be resolved, [or] the
6    report does not contain all the necessary information . . . ."   See
7    Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)(noting that "[i]f
8    the ALJ thought he needed to know the basis of [the doctor's] opinions
9    in order to evaluate them, he had a duty to conduct an appropriate
10   inquiry").

11

12        In his decision, the ALJ appears to reject the opinion of Dr. Swati
13   Thacker, M.D., plaintiff's treating psychiatrist, because plaintiff
14   "usually discusses family events rather than mental issues" at her
15   mental health appointments, and "Dr. Thacker does not record objective
16   findings other than an occasional 'no evidence of psychosis' and
17   [plaintiff] [i]s somatic and ha[s] difficultly assuming responsibility."
18   (A.R. 530.)   The ALJ specifically notes that he does not give
19   significant weight to Dr. Thacker's May 12, 2008 mental health
20   assessment form "[f]or the usual reasons pertain[ing] to these types of
21   check-marked forms" and because "the assessment is not supported by Dr.
22   Thacker's treatment notes."   (Id.)   The ALJ notes that if plaintiff
23   "displayed chronic, out of control behavior during the mental health
24   visits, it would seem reasonable that Dr. Thacker would have documented
25   those incidents.   Yet, no unusual behavior is noted, and [the ALJ is]
26   not willing to accept Dr. Thacker's assessment at fact [sic] value."
27   (Id.)

28

8

To the extent the ALJ rejects Dr. Thacker's opinion because plaintiff "usually discusses family events rather than mental issues," the ALJ's reasoning is unpersuasive.  It appears that plaintiff's family causes her great stress and anxiety, and thus, it is not surprising that she discusses various family matters at her appointments with Dr. Thacker.   Further, while it is true that plaintiff does not always discuss her "mental issues" at her appointments, when she does discuss them, they do not appear to be insignificant -- *e.g.,* plaintiff claims, *inter alia*, that she:  sees images before she falls asleep (A.R. 866); sees ghosts in her house (A.R. 892); sees shadows from the corners of her eyes (A.R. 1398, 1426); sees images of faces, rocking horses, and monsters (A.R. 1392); hears people talking to her (A.R. 892); and feels paranoid (A.R. 866, 892), overwhelmed (A.R. 1391, 1415), and stressed (A.R. 1391). Accordingly, in view of the nature of plaintiff's reported "mental issues," the ALJ's reasoning -- *i.e.*, that plaintiff usually discusses family matters instead of her mental issues -- cannot constitute a legitimate ground for rejecting Dr. Thacker's opinion.

With respect to the ALJ's contention that Dr. Thacker did not record objective findings in his treatment notes -- aside from the occasional finding that there was "'no evidence of psychosis' and [plaintiff] was somatic and had difficulty assuming responsibility" (A.R. 530) -- the ALJ appears to ignore or inaccurately summarize the content of plaintiff's treatment records. *See* <u>Reddick v. Chater</u>, 157 F.3d 715, 723 (9th Cir. 1998)(reversing and remanding case because ALJ's characterization of the record was "not entirely accurate regarding the content or tone"); *see also* <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1456 (9th Cir. 1984)(holding that it was error for an ALJ to ignore or misstate

competent evidence in the record to justify his conclusion).  Contrary to the ALJ's contention, Dr. Thacker did record objective findings beyond those described *supra.*  Significantly, Dr. Thacker noted, *inter alia*, that plaintiff has major depressive disorder – recurrent type with psychotic symptoms (A.R. 891), dysthymic disorder (A.R. 1418, 1426, 1432), emotional blunting (A.R. 1426), poor motivation (A.R. 892), poor attention span (*id.*), "[p]aranoid/persecutory" thought content (A.R. 891), auditory and visual perceptual process disturbances (*id.*), depressed mood (A.R. 869, 891), sad affect (A.R. 891), anxious mood/affect (A.R. 891), poor frustration tolerance (A.R. 1390), and poor compliance with follow-up (A.R. 1391).  Dr. Thacker also noted that plaintiff is emotional (A.R. 1392), passive aggressive (A.R. 1394, 1412), codependent (A.R. 1394), socially withdrawn (A.R. 1421), childlike (A.R. 1391), "wants someone to look after her" (*id.*), and "socially withdraws herself over any conflict" (A.R. 1433).[3]  Thus, to the extent the ALJ attempts to reject Dr. Thacker's findings based on his purported failure to report objective findings, the ALJ's reasoning is unpersuasive and does not constitute a legitimate reason for the wholesale dismissal of Dr. Thacker's treatment records and the objective findings contained therein.[4]

---

[3]    In addition, a July 2007 Client Recovery Plan, completed by Connie Patterson, MHS, and signed by Dr. Thacker, indicates, *inter alia*, that plaintiff has a moderate dysfunction rating as evidenced by her decreased concentration, increased memory loss, "non-complaint [sic] affect," paranoia, "delusion[s]," and reports of hearing voices and seeing people who "are not there."  (A.R. 1414.)

[4]    In support of the ALJ's decision, defendant notes that, in an October 2005 Adult Psychiatric Evaluation ("Psychiatric Evaluation") in which Dr. Thacker diagnosed plaintiff with major depressive disorder – recurrent type with psychotic features, Dr. Thacker found that plaintiff's "behavior, appearance, thought process, insight, judgment, and memory were all within normal limits."  (Joint Stip. at 17.)

10

Lastly, the ALJ's reasons for rejecting Dr. Thacker's May 12, 2008 mental health assessment form ("mental health form") are also, at present, unpersuasive.  In the mental health form, Dr. Thacker found that plaintiff has moderate limitations in her ability to make simple work-related decisions and interact appropriately with the public, and marked limitations in her ability to perform all other work related activities.[5]  Dr. Thacker noted that plaintiff is not a malingerer, has an impairment that can be expected to last for at least 12 months, and "is not able to hold [a] job."  (A.R. 1410.)  Citing to Young v. Heckler, 803 F.2d 963 (9th Cir. 1986), the ALJ did not give Dr. Thacker's mental health form significant weight because, it was a check-

_____

However, as defendant properly notes, in that same Psychiatric Evaluation, Dr. Thacker also indicated that plaintiff has anxious mood/affect, soft speech, and auditory/visual perception disturbances.  (Id.; A.R. 891.)  Additionally, although not mentioned by defendant, Dr. Thacker found that plaintiff has paranoid/persecutory thought process, depressed and tearful mood/affect, and Dr. Thacker noted, inter alia, that plaintiff is emotional and has poor motivation, poor attention span, and infrequent eye contact.  (A.R. 891-92.)  While Dr. Thacker's Psychiatric Evaluation contains both positive and negative findings, it is unclear whether the ALJ reviewed any of these findings as evidenced by his statement that Dr. Thacker did not record any objective findings "other than an occasional 'no evidence of psychosis' and [plaintiff] [i]s somatic and ha[s] difficultly assuming responsibility."  (A.R. 530.)  Accordingly, defendant's attempt to support the ALJ's decision is unpersuasive.

[5]     Specifically, Dr. Thacker found that plaintiff has marked limitations in her ability to: remember locations and work-like procedures; understand and remember very short and simple instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctural within customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or in proximity to others without being distracted by them; ask simple questions or request assistance; accept instructions and respond appropriately to criticism from supervisors; get along with co-workers or peers without distracting them or exhibiting behavioral extremes; maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; respond appropriately to changes in the work setting; be aware of normal hazards and take appropriate precautions; and set realistic goals or make plans independently of others.  (A.R. 1409-10.)

marked form, which was "not supported by Dr. Thacker's treatment notes." (A.R. 530.)  While an ALJ may give reduced weight to an opinion when it is brief, conclusory, and/or inadequately supported by the medical record,[6] in view of the fact that the ALJ appears to have either ignored or improperly summarized Dr. Thacker's treatment notes, the Court cannot determine whether the ALJ properly reduced the weight he gave to the mental health form.[7]  Indeed, plaintiff's reported mental issues and Dr. Thacker's treatment notes -- which appear to contain multiple reports of "unusual behavior" -- may very well support the restrictions contained in Dr. Thacker's mental health form.

Accordingly, the Court finds that the ALJ erred by improperly considering and rejecting Dr. Thacker's treatment notes and the findings and opinions contained therein.  On remand, the ALJ should revisit his consideration of Dr. Thacker's opinions and findings, and should the ALJ

---

[6]   Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)(holding that an "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings"); see also Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004)(noting that "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings"); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001)("When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings").

[7]   Although defendant proffers several reasons to explain the ALJ's failure to provide specific and legitimate reasons for rejecting Dr. Thacker's opinion, those reasons constitute post hoc rationalizations which the Court cannot entertain. Orn, 495 F.3d at 630 (noting that a court may "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely"); Connett, 340 F.3d at 874 (stating "[w]e are constrained to review the reasons the ALJ asserts" and "[i]t was error for the district court to affirm the ALJ's . . . decision based on evidence that the ALJ did not discuss").

elect to give them no weight, he should set forth specific and legitimate reasons for so doing that are not based on a mischaracterization of the evidence of record.[8]  Further, to the extent the ALJ needs to know the basis of Dr. Thacker's opinion, the ALJ should conduct an appropriate inquiry.

## II. **Remand Is Required**.

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no

---

[8]   Moreover, as plaintiff properly contends, there is no indication that the ALJ considered the treatment notes from Connie Patterson in determining the nature and severity of plaintiff's impairments.  See Social Security Ruling 06-03p, 2006 SSR LEXIS 5, *3 (noting that an ALJ may consider evidence from "other sources," such as therapists and clinicians, to understand the nature and severity of a claimant's impairment as well as how the impairment affects a claimant's ability to work); 20 C.F.R. § 416.913(d).  While an ALJ has the discretion to determine the appropriate weight to accord the opinion of a source other than an "acceptable medical source," such as Connie Patterson, see, e.g., Diaz v. Shalala, 59 F.3d 307, 313-14 (9th Cir. 1995), the ALJ "generally should explain the weight given to opinions from . . . 'other sources,'" Social Security Ruling 06-03p, 2006 SSR LEXIS 5, *7-*8, *15-*16.  Beyond her findings described in footnote 4, supra, Connie Patterson also noted, inter alia, that plaintiff:  has a flat/blunted affect, depressed/irritable mood, blank/vacant stare, and slowed speech; and appears "somewhat sedated with unsteady gait," and disheveled with wrinkled/soiled clothing, and uncombed hair.  (A.R. 1420, 1423, 1425.)  However, there is no indication that the ALJ considered any of Patterson's findings in determining the nature and severity of plaintiff's impairments.  Further, the ALJ failed to give any reasons for discrediting and/or rejecting her findings.  See, e.g., Bain v. Astrue, 319 Fed. Appx. 543, 546 (9th Cir. 2009)(noting that an ALJ has only to provide "germane" reasons for discrediting the opinion of a non-acceptable medical source)(citing Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)); Kus v. Astrue, 276 Fed Appx. 555, 556 (9th Cir. 2008)(noting that "[a]s with other witnesses, the ALJ was required to take into account evidence from [non-acceptable medical sources] 'unless he or she expressly determine[d] to disregard such testimony' and gave reasons for doing so")(quoting Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)).  This constitutes error.

1    useful purpose would be served by further administrative proceedings, or
2    where the record has been fully developed, it is appropriate to exercise
3    this discretion to direct an immediate award of benefits.  *Id.* at 1179
4    ("[T]he decision of whether to remand for further proceedings turns upon
5    the likely utility of such proceedings.").   However, where there are
6    outstanding issues that must be resolved before a determination of
7    disability can be made, and it is not clear from the record that the ALJ
8    would be required to find the claimant disabled if all the evidence were
9    properly evaluated, remand is appropriate.[9]  *Id.* at 1179-81.

11        Remand is the appropriate remedy to allow the ALJ the opportunity
12   to remedy the above-mentioned deficiencies and errors.   *See, e.g.,*
13   Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for
14   further proceedings is appropriate if enhancement of the record would be
15   useful); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)
16   (remand appropriate to remedy defects in the record).   On remand, the
17   ALJ must correct the above-mentioned deficiencies and errors and further
18   develop the record as appropriate.[10]   After doing so, the ALJ may need
19   to reassess plaintiff's RFC, in which case additional testimony from a

21        [9]   The Court notes that plaintiff appears to have a significant
22   alcohol  abuse  problem.   (*See* A.R. 526; Joint Stip. at 17-18.)
     Plaintiff's alcoholism may explain, at least in part, her reported poor
23   compliance with follow-up.   (*See* A.R. 1391.)   On remand, it may be
     appropriate to assess the extent, if any, to which plaintiff's mental
24   health issues would persist absent her alcohol abuse.

25        [10]   Plaintiff contends that "[h]ad the ALJ left the record open to
     obtain additional documentation regarding plaintiff's treatment by her
26   treating psychiatrist he would have obtained the objective medical
     evidence needed to render a proper decision regarding the plaintiff's
27   mental limitations."  (Joint Stip. at 13.)   To facilitate the
     expeditious  resolution  of  this  matter,  which  has  been  remanded
28   voluntarily on two prior occasions, plaintiff's counsel should collect
     such documentation promptly and provide it to the ALJ on remand.

1   vocational expert likely will be needed to determine what work, if any,

2   plaintiff can perform.

3

4                                    **CONCLUSION**

5

6          Accordingly, for the reasons stated above, IT IS ORDERED that the

7   decision of the Commissioner is REVERSED, and this case is REMANDED for

8   further proceedings consistent with this Memorandum Opinion and Order.

9

10         IT IS FURTHER ORDERED that the Clerk of the Court shall serve

11  copies of this Memorandum Opinion and Order and the Judgment on counsel

12  for plaintiff and for defendant.

13

14         **LET JUDGMENT BE ENTERED ACCORDINGLY.**

15  DATED:   August 25, 2011

16                                          *Margaret a. Nagle*

17                                  _____
                                        MARGARET A. NAGLE
18                                  UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

                                        15